UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD E. GRAY,

        Petitioner,

        Case No. 1:25-cv-309

v.

        Honorable Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

## OPINION

Petitioner Richard E. Gray initiated this action by submitting a letter to this Court's Clerk of Court. The Court has construed the action as an action for a writ of mandamus, pursuant to 28 U.S.C. § 1361, brought by a state inmate. The Court has granted Petitioner leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Petitioner's *pro se* filings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Petitioner's action as frivolous. The Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

**Discussion**

## I.     Factual Allegations

Petitioner is currently incarcerated at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. In his motion for writ of mandamus, Petitioner indicates that he is seeking help from this Court "on the issue of exhaustion of administrative remedies." (ECF No. 1, PageID.1.) Petitioner suggests that he has been awaiting a response to a Step III grievance from Michigan Department of Corrections (MDOC) officials in Lansing. (*Id.*) Petitioner argues that the lack of a response has denied him access to the courts. (*Id.*) Petitioner requests that the Court direct the MDOC to respond to his Step III grievance so that he can file a lawsuit pursuant to 42 U.S.C. § 1983. (*Id.*, PageID.2.)

## II.     Writ of Mandamus

The writ of mandamus has been abolished in district court practice. *See* Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* Under 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651. Moreover, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See id.* § 1361.

Section 1361, by its terms, applies only to officers or employees of the United States and does not apply to state officials. *See Knox v. Unknown Party*, No. 1:18-cv-362, 2018 WL 2382002, at *2 (W.D. Mich. May 25, 2018), *aff'd sub nom. Knox v. Unknown Parties*, No. 18-1734, 2019 WL 2422799 (6th Cir. Jan. 2, 2019). Here, Petitioner seeks mandamus relief against unknown MDOC officials in Lansing, asking that the Court order them to respond to his Step III grievance.

This Court, however, simply has no authority to issue writs of mandamus to direct state officials to conform their actions and conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Haggard v. Tennessee*, 421 F.3d 1384, 1386 (6th Cir. 1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties").

Moreover, "[m]andamus is an extraordinary remedy and will not lie if other remedies are available." *Lifestar Ambulance Serv. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004). Here, Petitioner has the option of filing his civil rights suit pursuant to § 1983 and asserting an argument that the exhaustion requirement should be excused because of the lack of a response to his Step III grievance.

For these reasons, the Court cannot grant Petitioner the mandamus relief he seeks. An action may be dismissed as frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because Petitioner's request for mamdamus relief lacks an arguable basis in law, his action will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *In re Hess*, No. 85-3293, 1985 13545 (6th Cir. July 19, 1985) (concluding that petitioner's petition for a writ of prohibition was frivolous). Given this conclusion, the Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Petitioner's action will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Petitioner's motion for writ of mandamus (ECF No. 1).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Petitioner's action properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   March 27, 2025                         /s/ Hala Y. Jarbou
                                                Hala Y. Jarbou
                                                Chief United States District Judge